The next case, number 21-1858, David Efron v. UBS Financial Services Incorporated of Puerto Rico et al. At this time, would counsel for the appellant please introduce himself on the record to begin. Good morning, and if it may please the Court, my name is Alfredo Fernandez-Martinez, and I represent appellant David Efron in this matter. Counselor, try to speak into the microphone a little bit more. Yes. Thank you. All right. I would like to reserve two minutes for rebuttal. You may. Thank you. This Court has explained that a plea to amend is sought before discovery is complete, and neither party has moved for summary judgment. The accuracy of the futility label is God's reference to the liberal criteria of Rule 12b-6. In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario, which if proven would entitle the plaintiff to relief against the defendant on some cognizable theory. In this case, the district court not only denied Mr. Efron the opportunity to conduct very limited discovery, limited it to just two depositions, but also determined that a proposed second amended complaint would be futile. What are we to make of the fact that the second amendment complaint specifically notes that Mr. Efron felt that he had sufficient information to file, or had sufficient information to file a second amendment complaint after the limited discovery he was granted? The statement is a preliminary statement that should not be interpreted as Mr. Efron's being satisfied with the limited discovery that was granted to him, the two depositions. Certainly, it's more than nothing in terms of what had been the position of the district court before that hearing took place in which the court allowed or asked Mr. Efron to select two depositions to be taken. But I would not want, you know, even with those two depositions, what that statement means is that we were able to gather sufficient documents or some information regarding the extent of the concealment made by the defendants with respect to the illegal production of documents, non-public personal information of Mr. Efron. This case is about Mr. Efron having investment accounts at UBS Puerto Rico, UBS Puerto Rico illegally disclosing his non-public personal information related to all of those accounts to his former wife's attorney, and in performing that illegal production, allowed access to his former wife's attorney to information they shouldn't have been able to get because the court ordered for the identification of the accounts did not include accounts, post-marital accounts of Mr. Efron. The problem in this case is that through those two depositions, we were able to gather that the defendants concealed the production, the illegal production, the fraudulent production of Mr. Efron's documents for a period of time. And then afterwards, as determined by the district court twice in the Candelario v. Efron case, the former wife's, Candelario v. UBS case, UBS incurred a negligence in unfreezing Mr. Efron's accounts. The scheme here to defraud Mr. Efron is as a result of UBS's illegal production of his information and UBS's negligence in unfreezing the accounts. Now Mr. Efron stands to lose $10 million that is being claimed against him by UBS. In the meantime, the defendants not only will profit from Mr. Efron's property, but also will earn, we're talking about $5 million in attorney's fees, defending the claim that some of the members of the enterprise tend to or will receive as a result of what they intend to recover from Mr. Efron. Counsel, can I ask you on the futility ruling of the district court? I gather he was saying that it would be pointless to allow an amendment because the plaintiff will not be able to meet the 12B6 standards for alleging a viable claim. Should we be applying the 12B6 standard to the allegations in the proposed complaint in deciding whether that futility ruling was correct? I'm just trying to understand what the analytic frame should be for deciding the futility question. The analytic framework should be a then overall review of that proposed pleading to determine whether it would stand 12B6 scrutiny. And in that sense, once you look into the allegations in the second amended complaint, you will find mindful of the stage of the case and the limited discovery that non-summary judgment had been filed, that the second amended complaint presents a general scenario that could make viable a RICO claim filed by Mr. Efron against the defendants. Could you spell out what the RICO claim is? Yes. If I understand it, it's somehow that the predicate act has got to have a fraud element, correct? Yes. And the concealment is the – where is the misrepresentation in the fraud that you're alleging? The fraud, it's included in the delivery and disclosure of Mr. Efron's non-public personal information. How is that fraud? That's fraud because to defraud is nothing more than wrongdoing someone of his property rights by dishonest methods. And producing private information of Mr. Efron to a third party for his former – What's the dishonesty in the disclosure of it? Because it's illegal. It's illegal. It violates the Gramm-Leach-Bliley Act to disclose information of an account holder to the public. And that is intrinsically a dishonest act. Where's the deceit and misrepresentation in that? They probably shouldn't have done it, and that may have violated some fiduciary obligation. But where's the deceit or misrepresentation in that? This misrepresentation occurred – the deceit occurred as part of that production. They also concealed from Mr. Efron the fact that they had done it, and they did it consistently. And the second amended complaint states and includes how Mr. Efron's broker, Mr. Calder-Rio, consistently was asked by Mr. Efron what is going on. And I believe they have disclosed my account. And then that concealment has to be for them securing money and property for themselves? Yes, and they eventually tend to do so because they – And that is how much later? So, I mean, there's a long number of inferences that one has to draw to conclude that the concealment of the non-fraudulent but improper disclosure is the fraud and that that concealment was made for the purpose of obtaining money or property. There's a lot of inferences going on there. It certainly happened over a long period of time. But once UBS was found negligent by the district court in the case filed by Ms. Candelario, UBS knew there was going to be liability against it, and the concealment was in them trying to manufacture a reason to have Mr. Efron collect on the consequences of their negligence and a fraudulent action. Mr. Efron stands to lose $10 million in this matter as a result solely of UBS's overproduction, UBS's concealment, and UBS's negligence. And that's all on the defendants. So, in that sense, it happened over a long period of time. That's correct. But that doesn't mean that because it stands – it happened – the events occurred over a long period of time, that somehow there was no – Just to understand, the fraud is the concealment of the improper disclosure? The concealment of the improper disclosure, the concealment – the second concealment to an outside attorney who met, according to the allegations, with the accountant expert for the former wife. The third one was the ex parte communication of that individual with the judge handling the state court case, handling the community property division. And the – Do you have cases showing a failure to disclose constitutes fraud for purposes of the Federal – for the Predicate Act statutes you're relying on? Well, I cannot cite you cases, but if you allow me an opportunity for supplemental briefing, I could – Well, it's not in your – you don't have any in your brief. No, I don't. I don't. But what – you know, if failure to disclose to an account holder – remember, the relationship between the UBS defendants and Mr. Efron is one of a fiduciary nature. Failure to disclose to him what is being done behind his back with his information to cause him harm, it's intrinsically a dishonest act. And as a dishonest act – Yeah, but it has to be – that dishonest act has to be for the purpose of defrauding him of money or property. Well, that's the – that's what's happening here. That's what – And the money or property is the future claim he would have for the liability? It's a claim that UBS is presenting against Mr. Efron, attempting to collect from him from their negligence and their disclosures as a result of some language in the account agreement when he opened the accounts. They're saying – That's what I'm saying. But you don't have a case that says that for purposes of the Predicate Act offenses, that it counts as fraud to have done an impermissible disclosure and to have kept it from someone? That specifically, no. Yeah, okay. Do you have a problem here with the pattern? What's the pattern you suggest? The pattern suggested here is that there's a history of UBS, Puerto Rico, breaching its fiduciary duties to account holders in Puerto Rico, just like Mr. Efron. In this case, UBS disclosed information fraudulently. The pattern includes not only the disclosure, the concealment to him. But I thought we all – I thought it was agreed that the inadvertent disclosure and the alleged sort of cover-up can't be considered along with the Candelario settlement and the FINRA litigation. Do we agree – do you agree with that? Could you repeat the question? In terms of the pattern, you have 10 years under RICO to establish a pattern. When does it start? It started in 2005 with the disclosure of this information. Okay. It started in September 30, 2005. And it spanned up to the present where they are currently attempting to collect from him for the consequences of their liability because of what they did. So I think I have gone over my time, but if you have any more questions, I can attend it in the RICO. Thank you. Thank you, counsel. At this time, would counsel for UBS please introduce yourself on the record? Good morning, and may it please the Court. Amy Saharia of Williams & Connolly for the UBS Attorneys. Mr. Efron's RICO claim is simply a collection of grievances regarding events that were the subject of separate litigation between the parties. His allegations come nowhere close to stating a RICO claim. The Court should affirm the judgment below because Mr. Efron did not plead a RICO claim in his proposed second amended complaint and because the District Court did not abuse its discretion in denying yet additional pre-dismissal discovery. I'm happy to start wherever the Court would like, but let me just touch on two reasons why the Court can easily affirm the judgment on the merits if it so chooses. First, as the Court was just discussing with my adversary, there's no viable allegation here of a pattern of mail or wire fraud. The only allegation that has any relevance or any connection to deception, potentially, is the allegation regarding the supposed concealment of the overproduction, and that happened over a period of at most two months from the production to when it came to light that that had occurred. Under a Supreme Court case law, this Court's case law, two months is simply not a pattern, and there's no allegation that that supposed concealment was intended to deprive Mr. Efron of money or property. On that last point, I'm having trouble just in my mind getting straight on how to think through the intent to deprive of money or property. If I'm understanding the argument, it's that an overproduction could give rise to liability. So concealing the overproduction deprives the person who was burdened by the overproduction of the ability to get recompense for it, and therefore deprives them of money or property. Is that your understanding of what their argument is? That's not what they pleaded in the complaint, nor did I understand that to be his argument. As I understand the argument, it's that somehow the concealment followed by the events related to the release of the constraint on her account, Ms. Candelario's suing UBS to recover that money, UBS then suing Mr. Efron for indemnification, which has been confirmed by a district court in Florida, that that is the loss that he is claiming. So in your understanding, what is the loss? I think it's the loss that Mr. Efron now owes money to UBS pursuant to UBS' indemnification claim. And then your argument is if that's the loss being claimed, there's no indication that the concealment was for the purpose of having him incur that loss. Is that the idea? Exactly. And at the time of that concealment, the fact that there would be this constraint imposed on the account, that it would later be vacated, or so UBS thought that Ms. Candelario would sue UBS, none of that was in any of the party's contemplation at that time, and it's certainly not alleged in the proposed Second Amendment complaint that it was. Now, as to the concealment, I'll make one third point, which is that none of the facts surrounding that. So just so I get it, the idea would be the Second Amendment complaint, for that reason, is at most conclusory as to the claim that it was for the purpose of money and property? I don't think any such allegation appears anywhere in the proposed Second Amendment. When you say any such allegation, you mean there isn't even an allegation about the intent being for? And could you, if you were to say, but he does plead the predicate acts of fraud, right? No, he does not in compliance with Rule 9b. There is no particularized allegation regarding those communications of concealment in that two-month period that complies with Rule 9b. But he does identify the predicate acts in the complaint? He does identify it in conclusory faction. Activities, yes, in conclusory faction, yes. And then you would say that at a minimum, what makes it conclusory is that there is not even an allegation of the persons who supposedly had the wrongful intent of having had the information that would have permitted them to have that intent. Exactly. In addition to the fact that those allegations cannot possibly satisfy the pattern requirement, because at most they occurred over two months. And what the complaint alleges with respect to the time that Mr. Efron confronted UBS about the overproduction and then the acknowledgement that it happened, it's a period of one week. That's just not a pattern of racketeering activity under this Court's case law. Now, the second point I'll make on the merits is that he has also not pleaded a racketeering enterprise. It's crystal clear that the enterprise and the defendants need to be distinct. And in paragraph 87 of the proposed Second Amendment complaint, as well as in his opening brief, he clearly argues that the defendants and the enterprise are one and the same. Counsel, let me ask you about that. Perhaps supposing counsel will want to address this. I find myself asking why in a situation like this would the plaintiff sort of borrow all of these or confront all of these RICO requirements when what we seem to have here is a case where arguably UBS violated some fiduciary obligations, everybody involved here is an employee, an agent, if you will, of UBS. And so there might be good grounds for suing on that basis. But how can this be a RICO case when that is the scenario? A corporation, all the alleged violations were carried out by employee. How does that arguable deficiency sort of fit into the RICO framework? Does that go to the enterprise element or some other aspect of RICO? Well, I think that goes to the enterprise element because this court and the Supreme Court have said that the defendants and the enterprise must be distinct. So, for instance, in the Cedric Kushner case, the allegation was that a shareholder of the company used the company as a racketeering enterprise. There's no allegation of that here. The allegation is that UBS and its employees as defendants control the enterprise of UBS and its employees. And this court has said that is just not a viable RICO claim. Now, to your Honor's question, the plaintiff did bring state law claims, which the district court declined to exercise supplemental jurisdiction over. Those state law claims are almost certainly time barred by the time this lawsuit was brought. But any claim related to breach of fiduciary duty, a breach of contract related to overproduction properly belongs as a state law claim. It's nowhere close to stating a RICO claim. Now, with respect to the issue of counsel's request for additional discovery, the district court gave counsel two depositions. He did not ask for more when he came back to the district court and told the district court he had everything he needed to plead his claims. Mr. Efron had access to substantial document production that had been made in the separate litigation between the parties. Those documents are cited in the proposed second amended complaint. This is just not the kind of case where this was a sufficiently pleaded claim under Rule 8, but he lacked nearly the details in the exclusive possession of defendants regarding uses of the mails or wires. Unless the court has further questions, we urge the court to either affirm or to dismiss the appeal and impose sanctions. Are you still pursuing your sanctions request? We are, Your Honor. I do think this is a case that rises to the level of sanctions. We did not make that request lightly. I think this is the first and only time I've ever moved for sanctions on appeal. We made that request for three reasons. This case is just nowhere close to stating a RICO claim. The case and the appeal were frivolous. Counsel's brief failed to even articulate why the proposed second amended complaint stated a RICO claim. And this is not a one-off mistake by an unsophisticated litigant. Mr. Efron, as we know from today's argument, is a sophisticated lawyer who practices in this court himself. And this is not the first time that he has brought in courts with frivolous RICO claims. Thank you, Your Honor. Thank you, Counsel. At this time, would Counsel for the Appellant please reintroduce himself on the record? He has a two-minute rebuttal. Yes. Alfredo Fernandez Martinez for Appellant David Efron. I want to entertain Judge Lipe's question with regard to the enterprise issue. The second amended complaint does include other individuals who are not employees of UBS as part of the enterprise, namely Guillermo Bobonis, Christopher Manning, Madeline Candelario, Mitchell Piragio. All of those are attorneys or individuals who are not employees of UBS. So we're dealing, you should look at this as an association, in fact enterprise, involving all of those individuals, the defendants and those non-UBS employees. In terms of the pattern of the concealment, I think it's important that it's unfortunate that this case or the issues related to this case have spanned for so many years. But that does not mean that there hasn't been a pattern of concealment throughout this process as to what was the real intent to defraud Mr. Efron and take his money from him. And that's what's happening in this case. The fact that it has happened for a span of 17 years does not mean, you know, as recent as last year, UBS was and is still attempting to collect from Mr. Efron for their own conduct. Before you end this one, could you just address the point that your opponent made, which is that there's no allegation of awareness on the part of the supposed members of the enterprise of the ultimate loss at the time of the concealment? Well, the second amended complaint does state with specificity the events that lead to the concealment and why the defendants failed to conceal what they had done in the disclosure of the information of Mr. Efron. As a consequence of that concealment, it necessarily follows that they knew there was going to be liability. But the complaint was not required to establish intent. Could you just address the sanctions issue?  As you would probably know from the record in this case, UBS has engaged in a personal attack against Mr. Efron. The fact that they go and start and base their sanctions on the fact that Mr. Efron is a litigant in this court and that as a litigant, as an attorney, he has been involved in situations that are on the record, does not mean that he should be sanctioned in this case for filing this appeal. This is a personal attack on Mr. Efron, and do not take it lightly. UBS and their attorneys have a vendetta against Mr. Efron, and they have followed it for the last 17, 18 years. So the motion for sanctions is the complaint as proposed includes a general scenario that will make a viable claim. The second amended complaint with the limited discovery presents an association, in fact enterprise, presents some predicate acts that if looked into the totality of the circumstances of the allegations, would be sufficient to make a claim. So we do not believe this is a frivolous case for a frivolous appeal. We do believe that this is a situation in which Mr. Efron has been put in a corner in terms of not having sufficient information through discovery to develop some of his allegations. Thank you. And I will, okay, if I may want to clarify. In this case, there was no production of documents as has been suggested in this appeal. The only discovery was the two depositions, and the record shows that there was insistence on our part throughout the case on being able to take more depositions. Thank you very much. That concludes argument in this case.